# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

| | |
|---|---|
| SHAWN P. PHILLIPS,<br><br>    Plaintiff,<br><br>v.<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC,<br><br>    Defendant. | Case No. 0:21-cv-60773 |

## COMPLAINT

**NOW COMES** Plaintiff, SHAWN P. PHILLIPS, by and through his undersigned counsel, complaining of Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC, as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et. seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## PARTIES

5. SHAWN P. PHILLIPS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant was domiciled in Fort Lauderdale, Florida.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Fla. Stat. §559.55(8).

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9. DYNAMIC RECOVERY SOLUTIONS, LLC ("Defendant") is a limited liability company organized under the laws of South Carolina.

10. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

11. Defendant is a "debt collector" as defined by Fla. Stat. §559.55(7) because it directly or indirectly engages in debt collection.

12. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 6668.

14. At all times relevant, Plaintiff's number ending in 6668 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

16. At some point, Plaintiff received medical services from a local medical institution.

17. Plaintiff was under the impression that all bills or amounts due for the treatment were paid in full.

18. Unbeknownst to Plaintiff, in early 2020 he noticed a trade-line on his credit report regarding an alleged debt related to the treatment Plaintiff obtained. ("subject debt").

19. Plaintiff immediately disputed the validity of the trade-line and it was removed shortly thereafter.

20. Even after the subject debt was removed from Plaintiff's credit report, Defendant began their aggressive call collection campaign.

21. Specifically, Plaintiff spoke with a representative for Defendant in the middle of 2020 and explained the situation.

22. Plaintiff advised Defendant's representative that he previously disputed the subject debt, that it was removed from his credit report, and requested Defendant stop contacting him regarding the subject debt as he does not owe it.

23. Unfortunately, Defendant's phone calls continued.

24. Plaintiff has continued to receive unwanted and unconsented to collection calls from multiple phone numbers, including but not limited to, 786-814-1726 and 786-814-1696.

25. On every single collection call that Plaintiff has answered, he was met by an approximate three-second pause prior to being connected to a live agent.

26. Upon information and belief, Defendant has placed no less than 35 unwanted and unconsented to collection calls.

27. Concerned about Defendant's abusive collection practices, Plaintiff retained counsel to help with this matter.

## DAMAGES

28. Defendant's abusive collection practices have severely disrupted Plaintiff's daily life and general well-being.

29. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to: invasion of privacy; nuisance; wasting Plaintiff's time; the increased risk of personal injury resulting from the distraction caused by the phone calls; decreased daily productivity; aggravation that accompanies unwanted telephone calls; emotional distress; mental anguish; anxiety; loss of concentration; diminished value and functionality of his cellular phone; the loss of battery charge; and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his cellular phone.

30. Moreover, each time Defendant placed a phone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

31. Concerned with the escalation of Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

32. Paragraphs 13 through 31 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Violations of FDCPA § 1692c**

33. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

34. As set forth above, Plaintiff requested that Defendant cease its collection calls to his cellular phone.

35. Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

36. Defendant violated § 1692c(a)(1) by placing at least 35 collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

37. In other words, since Plaintiff did not want any calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

**b. Violations of FDCPA § 1692d**

38. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

39. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

40. Defendant violated §§ 1692d and d(5) by placing numerous phone calls to Plaintiff's cellular phone number after being requested to cease the unwanted calls.

41. Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

42. Defendant's calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant he no longer wished to be contacted on his cellular telephone.

43. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE**, Plaintiff, requests that this Honorable Court enter judgment in his favor as follows:

    a.    Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

    b.    Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

    c.    Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    d.    Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II:
### Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)

44.    Paragraphs 13 through 31 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violation(s) of Fla. Stat. § 559.72(7)

45.    Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

> (7)    Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

46.    Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop. See *Waite v. Fin. Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 133438, 2010

WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the claimant after being asked to stop).

47. Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff, requests the following relief:

a. a finding that Defendant violated Fla. Stat. §§ 559.72(7);

b. an award of actual damages sustained by Plaintiff as a result of Defendant's violation(s);

c. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

d. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

e. an award of such other relief as this Court deems just and proper.

## COUNT III
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

48. Paragraphs 13 through 31 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

49. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

50. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

51. Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

52. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than 35 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone, utilizing an ATDS without Plaintiff's consent.

53. As pled above, Plaintiff revoked consent to be called on his cellular phone on multiple occasions during answered calls.

54. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

55. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

56. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

57. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

58. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

59. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

**Plaintiff demands a trial by jury.**

Dated: April 8, 2021                                                      Respectfully Submitted,

SHAWN P. PHILLIPS

By: /s/ *Alexander J. Taylor*
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com